UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN R. DIAZ,<br><br>          Respondent. | Case No. 1:14-cv-00298-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURSIDCTION (D0C. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a writing signed by Petitioner and filed by Petitioner on March 28, 2013.  Pending before the Court is the petition, which was filed on February 26, 2014.

   I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States

1

1  District Courts (Habeas Rules) requires the Court to make a
2  preliminary review of each petition for writ of habeas corpus. The
3  Court must summarily dismiss a petition "[i]f it plainly appears
4  from the petition and any attached exhibits that the petitioner is
5  not entitled to relief in the district court...." Habeas Rule 4;
6  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
7  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
8  2(c) requires that a petition 1) specify all grounds of relief
9  available to the Petitioner; 2) state the facts supporting each
10 ground; and 3) state the relief requested.  Notice pleading is not
11 sufficient; rather, the petition must state facts that point to a
12 real possibility of constitutional error.  Rule 4, Advisory
13 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420
14 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).
15 Allegations in a petition that are vague, conclusory, or palpably
16 incredible are subject to summary dismissal.  Hendricks v. Vasquez,
17 908 F.2d at 491.
18      Further, the Court may dismiss a petition for writ of habeas
19 corpus either on its own motion under Habeas Rule 4, pursuant to the
20 respondent's motion to dismiss, or after an answer to the petition
21 has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
22 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
23 2001).
24      A petition for habeas corpus should not be dismissed without
25 leave to amend unless it appears that no tenable claim for relief
26 can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d
27 13, 14 (9th Cir. 1971).
28      Here, Petitioner is an inmate of the California Substance Abuse

Treatment Facility at the Corcoran State Prison in Corcoran, California, which is situated within the territory of this district. Petitioner alleges that he suffered a violation of his rights when he was not allowed to make telephone calls to his son from the prison where Petitioner is confined. Petitioner alleges that the telephone calls were provided for in a family law proceeding in state court. Petitioner also alleges that the continued failure to permit him to make the telephone calls and to process properly his complaints regarding the calls was retaliatory and constituted discrimination based on Petitioner's disability. Petitioner requests that this Court direct the warden to honor the order of the family law court.

## II. Writ of Mandate

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

To the extent that Petitioner seeks this Court to issue an order in the nature of mandamus to the warden concerning Petitioner's telephone calls with his son, Petitioner has not

alleged facts showing jurisdiction in this Court.

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus, but it is limited to mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361.

Further, although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the courts lack subject matter jurisdiction to issue a writ of mandamus to a state employee. See, Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) (state court).

In addition, Petitioner fails to state any basis for subject matter jurisdiction in this Court. Petitioner does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction upon this Court pursuant to 28 U.S.C. § 1331. Petitioner relies on state law or a directive of a state court, but to the extent that Petitioner relies on state law, Petitioner fails to allege facts that state a federal claim for relief.

In summary, Petitioner has not stated facts demonstrating subject matter jurisdiction in this Court to issue a writ of mandate as Petitioner prays.

III.   Conditions of Confinement

It is possible that Petitioner might be seeking relief in the form of a writ of habeas corpus directed to the warden.

4

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Here, Petitioner's challenges to the inability to make telephone calls and to the alleged retaliation in not permitting the calls relate solely to the conditions of Petitioner's confinement and have no conceivable effect on the legality or duration of Petitioner's confinement. Petitioner's allegations are not cognizable in this proceeding and do not warrant habeas corpus relief.

Petitioner has submitted what appears to be complete documentation of his attempts to exhaust administrative remedies with respect to his claims, but neither Petitioner's express allegations nor the submissions contain specific facts that demonstrate that as a result of the challenged procedures, there was any effect on the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement.

Thus, the Court concludes that it lacks subject matter

jurisdiction in habeas corpus over the petition.

IV. Remedy

Because Petitioner has already submitted complete documentation of the challenged process, it does not appear possible that if leave to amend were granted, Petitioner could allege a tenable claim relating to the legality or duration of his confinement.

Accordingly, to the extent that Petitioner might be seeking habeas corpus relief, Petitioner's petition should be dismissed without leave to amend.

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971).

However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.

Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have payments deducted from his trust fund account.

6

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  It is established that this provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Here, exhaustion is in question.

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

On the basis of the foregoing analysis, it is concluded that it is appropriate to dismiss the petition without prejudice so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

V.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

8

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VI. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated: **April 3, 2014**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

9